UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BRIANNA D. BAKER, individually and on behalf of others similarly situated, </br></br>    Plaintiff </br></br> vs. </br></br> MORGAN GRAHAM, INC. d/b/a AROUND THE CLOCK CARE, </br></br>    Defendant | ) </br> ) </br> ) </br> ) **FLSA COLLECTIVE ACTION** </br> ) **UNDER 29 USC § 216(b)** </br> ) </br> ) CASE NO.  3:22-cv-35 </br> ) </br> ) </br> ) </br> ) |

***PLAINTIFF'S FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES***

*I. INTRODUCTION*

Plaintiff Brianna D. Baker ("Baker") brings her collective action lawsuit[1] under the Fair Labor Standards Act ("FLSA") against her employer, Defendant Morgan Graham, Inc. d/b/a Around the Clock Care ("Around the Clock Care"). Baker and her coworkers (home caregivers) are working significant overtime hours (hours in excess of forty in a workweek) for Around the Clock care, but are not being paid an overtime premium (one and one-half times the regular rate of pay) by Around the Clock Care. Collectively, Baker and her coworkers are owed quite substantial FLSA damages for unpaid overtime premiums and liquidated damages.

*II. FACTUAL ALLEGATIONS*

1. Baker is a resident of the State of Indiana, and is domiciled in Evansville, Vanderburgh County, Indiana.

---

[1] Baker attaches an executed copy of her Notice of Consent form as an Exhibit, opting-in to this FLSA collective action.

1

2.      Around the Clock Care is a client care company that lists the address of its company headquarters on its website as 950A S. Kenmore Dr., Evansville, Vanderburgh County, Indiana 47714.

3.      Around the Clock Care hired Baker to work for its as an Attendant Caregiver on or about March 9, 2022.  Baker's first day of work was March 13, 2022. At this moment, Baker is still employed in that same position.

4.      At hiring, Around the Clock Care promised to pay Baker at the rate of $11.25 per hour for her work.  Around the Clock Care has never, however, paid Baker at an overtime premium rate (which would have been $16.875 per hour - one and one-half times her $11.25 per hour regular rate) for hours Baker worked in excess of forty (40) in any work week.

5.      During her first full work weeks, Baker has worked far more than 40 hours and up to 60 or more hours in single work weeks. At all times, Around the Clock Care has failed and refused to pay Baker at an overtime rate of pay (one and one-half times her regular rate of pay) for hours she worked in excess of forty in a work week.

6.      Baker has directly complained to a supervisor at Around the Clock Care that the company failed to pay her overtime premium pay for her overtime work. One Around the Clock Care supervisor directly told Baker that Around the Clock Care does not pay overtime and that Baker would be paid her straight time rate (which is currently $11.25 per hour) for all of her hours worked.

7.      To provide a specific example, Baker has her Staff Payroll Sheet confirming that Around the Clock Care pays overtime hours at straight time rates.  For the week from March 14, 2022 to March 20, 2022, Baker worked at least 60.0 hours and was paid at a rate of $11.25 for all

of the 60 hours. Around the Clock Care should have paid Baker gross wages of $787.50 (40 hours at $11.25 per hour plus 20 hours at $16.875 per hour), but Around the Clock Care paid Baker only $676.00 gross for the week (the company does not account for this $1.00 discrepancy, but 60 hours at $11.25 per hour is $675.00). In this week alone, Around the Clock Care underpaid Baker's overtime by at least $111.50. With the FLSA's presumed liquidated damages, Around the Clock Care owes Baker $223.00 in damages for this one work week alone.

8. Consistent with the description in the paragraph above, Around the Clock Care refused to pay overtime premium pay to Baker and her coworker caregivers and underpaid many, many overtime hours of work for a significant period of time.

9. Around the Clock Care owes Baker and her coworker caregivers unpaid overtime compensation and liquidated damages for many, many overtime hours each has worked from March 2019 to the present. Around the Clock Care is a third party employer and Baker and her coworker caregivers are non-exempt employees, entitled to overtime compensation under the Fair Labor Standards Act.

10. Around the Clock Care has willfully, intentionally, knowingly and in bad faith violated Baker and her coworker caregivers' rights under the Fair Labor Standards Act. By way of this Complaint, Baker is seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all liquidated and/or statutory damages, plus payment of her reasonable attorney's fees, costs and expenses.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Baker raised federal questions of law.

12. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana and, more specifically, in and around Evansville, Vanderburgh County, Indiana..

### IV.  FLSA COLLECTIVE ACTION ALLEGATIONS

13. Baker incorporates herein by reference paragraphs 1 - 12 above.

14. This Complaint is brought as a collective action under the FLSA on behalf of Baker and other current and former Around the Clock Care hourly-paid workers who were similarly denied payment of wages and overtime compensation under Around the Clock Care's compensation scheme that failed to pay overtime premium rates of pay for overtime work performed.

15. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Baker and all Around the Clock Care current and former hourly-paid employees who were damaged by Around the Clock Care's compensation system which failed to pay overtime premium rates and resulted in unpaid or underpaid overtime work.  By virtue of the "collective action," Baker represents the identical and/or similar interests of former and current hourly-paid employees denied full overtime compensation under the same circumstance. Baker anticipates that other Around the Clock Care employees and former employees will opt in to the action.

16. The number of Around the Clock Care current and former employees who will be members of this collective action is so great that joinder of all members is impractical.  Instead, Baker will pursue discovery to obtain the names of the other current and former Around the

Clock Care employees who were paid denied overtime premium pay for overtime hours worked in order to provide notice of the collective action, and to offer the opt-in opportunity.

17. Particularly with the types of overtime wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

18. Baker's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Around the Clock Care's illegal overtime calculation and payment practices.

19. Baker will act to fairly and adequately protect the interests of the entire collective group of current and former Around the Clock Care hourly paid employees.

20. A collective action is superior to other available means for the fair and efficient prosecution of these wage claims against Around the Clock Care. For example, to prove Around the Clock Care's illegal overtime practices, Baker and other members of this collective group would seek in discovery records about all similarly situated current and former Around the Clock Care hourly paid workers who were paid for overtime hours at straight time, rather than overtime premium, rates of pay and who were similarly denied earned overtime compensation. Individual lawsuits by the members of the collective group could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

21. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the

type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

22. A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

### V. STATEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

23. Baker incorporates herein by reference paragraphs 1 through 22 above.

24. Defendant Around the Clock Care is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Defendant Around the Clock Care is an "employer," as that term is defined by the FLSA. Finally, Defendant Around the Clock Care is a "person" as that term is defined by the FLSA.

25. Around the Clock Care violated Baker's and her coworker caregivers' rights to be properly paid overtime wages in a manner required by the FLSA. Specifically, Baker and her coworker caregivers are non-exempt employees and Around the Clock Care was required to pay Baker and her coworker caregivers for each hour each worked and pay each at an overtime premium rate for any and all hours worked each week in excess of forty (40).

26. Around the Clock Care's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification.

27. Baker seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses,

and any and all other damages to which they may be entitled for Around the Clock Care's violations of the Fair Labor Standards Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brianna D. Baker respectfully requests that the Court enter judgment against Defendant Morgan Graham, Inc. d/b/a Around the Clock Care, holding Defendant liable to Baker and all opt in plaintiffs for violations of the FLSA, and issue to them all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84
    100 Cherry Street
    Terre Haute, IN 47807
    (812) 232-9691
    Facsimile: (812) 234-2881
    kondras@hkmlawfirm.com